# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID L. SNYDER
in his capacity as counsel for
Andrew G. McCabe

     Plaintiff,

         v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

     and

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE INSPECTOR GENERAL
950 Pennsylvania Ave. NW, Suite 4706
Washington, DC 20530-0001

     and

FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Ave. NW
Washington, DC 20535-0001,

     Defendants.

Civil Action No. 1:18-cv-1389

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Request for expedited consideration
pursuant to 28 U.S.C. § 1657(a)

**INTRODUCTION**

1.      On Friday, March 16, 2018, at approximately 10 p.m., Andrew G.

McCabe was terminated from his position as Deputy Director of the Federal Bureau

of Investigation ("FBI")—just 26 hours before his planned retirement—following

proceedings that violated federal law and departed from applicable administrative

rules, standards, policies, and procedures.

2.      Because "secret law is an abomination,"[1] the Freedom of Information

Act ("FOIA") *requires* that the documents setting forth those rules, standards,

policies and procedures be proactively disclosed "for public inspection in an

electronic format."[2]

3.      Defendants, however, have not disclosed those materials, whether

proactively or upon request from Plaintiff as counsel for Mr. McCabe. That failure is

contrary to law. It is also incongruous with Defendants' public, and repeated,

representations to the effect that Mr. McCabe was dismissed from the FBI following

an "extensive and fair investigation" which was carried out "according to

Department of Justice procedure."[3]

4.      Mr. McCabe served our country in various positions with the FBI for

over two decades, ascending to the position of Deputy Director in February 2016. As

the FBI's second in command, Mr. McCabe oversaw the FBI's operations and

[1] *Tax Analysts & Advocates v. IRS*, 362 F. Supp. 1298, 1310 (D.D.C. 1973) (quotations omitted).
[2] 5 U.S.C. § 552(a)(2).
[3] Reuters Staff, *Statement by Attorney General on firing of FBI's McCabe*, Reuters (Mar. 17, 2018), https://www.reuters.com/article/us-usa-trump-sessions-statement/statement-by-attorney-general-on-firing-of-fbis-mccabe-idUSKCN1T04O.

investigations. Beginning in 2017, and as is publicly known, such investigations examined the possibility of interference by the Russian government in the most recent presidential election, as well as the conduct of high-ranking appointees in the Executive branch. Prior to his dismissal, Mr. McCabe supported the appointment of a special counsel to conduct a criminal investigation into matters relating to the 2016 presidential election.

5.      Mr. McCabe had planned to retire from the FBI on March 18, 2018. This was publicly known, discussed, and reported in the media months in advance. Roughly one day before Mr. McCabe's retirement, the Associate Deputy Attorney General recommended that Mr. McCabe be fired "As soon as possible." The Attorney General fired him that very evening. Mr. McCabe and his family were thus stripped of their healthcare benefits and deprived of the pension to which he otherwise would have been entitled for his many years of public service.

6.      Defendants claim they fired Mr. McCabe based on "findings" that he had engaged in administrative misconduct. These alleged findings appear in a report which, although dated "February 2018," was not publicly issued until April 14, 2018—nearly one month after Mr. McCabe's dismissal.[4] Mr. McCabe denies that he engaged in any misconduct and asserts that the report—which relies on non-public "evidence"—is premised on material misstatements, mischaracterizations, and omissions.

--------

[4] OIG, Oversight & Review Division, *A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe*, February 2018, https://oig.justice.gov/reports/2018/o20180413.pdf.

7.     Defendants have publicly claimed, again and again, that they complied with all applicable law, policies, and procedures when they investigated, adjudicated, and dismissed Mr. McCabe from the FBI. Plaintiff has repeatedly requested that Defendants disclose those policies and procedures. Those requests have been denied by some of the same high-ranking officials who were involved in, or were responsible for, the investigation, adjudication, and/or dismissal of Mr. McCabe.

8.     FOIA mandates that Defendants proactively disclose the applicable policies and procedures in an electronic format *without waiting for an affirmative request*. Defendants have failed to do so. When Plaintiff requested the pertinent documents, Defendants variously refused to comply and failed to properly, timely, or sufficiently respond. They even barred Plaintiff from accessing Defendants' physical library, which contains some (or perhaps all) of the documents at issue here.

9.     Because Defendants have refused to identify the policies or procedures which applied to Mr. McCabe's dismissal and the proceedings which led to it, Plaintiff alleges, on information and belief, that documents reflecting those policies and procedures include, at a minimum, the following:

    a.  OIG, *Inspector General Manual*

    b.  FBI, *Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters*

    c.  FBI, *Senior Executive Service Policy Implementation Guide*

    d.  FBI, *Inspection Division Policy Implementation Guide*

10.     As counsel for Mr. McCabe, and as the submitter of the requests for these documents, Plaintiff seeks their immediate disclosure. Plaintiff respectfully requests expedited consideration of this Action under 28 U.S.C. § 1657(a) given the irreparable harm and other consequences of Defendants' continuing failure to comply with their disclosure obligations.

11.     Defendants have been required for over 50 years to proactively disclose the kinds of documents at issue here, and there is no just reason for either their failure to do so now or for any further delay. Defendants' breach of their disclosure obligations have prejudiced Mr. McCabe and Plaintiff in fundamental ways, all of which flow from one of FOIA's core concerns: No citizen should "los[e] a controversy with an agency because of some obscure and hidden [administrative material] which the agency knows about but which has been unavailable to the citizen simply because he had no way in which to discover it."[5]

12.     By failing to proactively and publicly disclose the documents at issue here, and by failing to otherwise fulfill their statutory obligations, Defendants have deprived Plaintiff of the opportunity he should have had to protect and to advance the legal rights and interests of Mr. McCabe. Those documents constitute not just Defendants' "working law," but also, on information and belief, material evidence. Defendants' failure to disclose these materials has deprived Plaintiff of the opportunity he should have had to:

      a.  exhaust administrative remedies with respect to certain claims (to the extent exhaustion is required);

---

[5] 111 Cong. Rec. 26820, 26822 (daily ed. Oct. 13, 1965) (stmt. of Sen. Mansfield).

b. support applications to certain regulatory bodies for administrative review and investigation of Defendants' underlying conduct;

c. protect Mr. McCabe from waiving or forfeiting possible administrative rights, remedies, or procedures which may be discussed solely in the administrative materials (or others of which Plaintiff has no notice);

d. evaluate and pursue—with all existing evidence—claims for relief arising from the circumstances that led to Mr. McCabe's termination; and

e. seek to vindicate Mr. McCabe's rights and restore his good name.

13. The foregoing harm to Plaintiff is immediate and irreparable. For so long as Defendants continue to obstruct Plaintiff from fully carrying out the duties he owes to Mr. McCabe and to the Court, the harm to Plaintiff will continue. For the same reasons, Defendants have caused, and continue to cause, enduring irreparable harm to Mr. McCabe.

14. To protect Mr. McCabe from further harm, to protect Plaintiff's right and ability to provide effective legal counsel to Mr. McCabe, and, indirectly, to protect the public's right to government transparency, Plaintiff files the instant Action for, among other things, (a) expedited consideration of this Action, with good cause therefor having been shown, and (b) expedited disclosure of those documents which long should have been in the public domain.

## **PARTIES**

15. Plaintiff is an attorney and a partner of the law firm of Boies Schiller Flexner LLP. He pursues this action in his capacity as counsel to Mr. McCabe, and as the submitter of the requests and demands for the documents at issue here.

16.     Defendant U.S. Department of Justice ("DOJ") is an Executive department,[6] and is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 701.

17.     Defendant Office of Inspector General ("OIG") and Defendant Federal Bureau of Investigation ("FBI") are components, organizational units, bureaus, or offices (collectively, "components") of DOJ. Therefore, DOJ created, and at all times material to this Action, controlled the documents at issue here.

18.     Defendant OIG is an "office" within the DOJ. OIG created and at all times material to this Action had control over certain of the documents here at issue.

19.     Defendant FBI is a law enforcement agency of the United States and an organizational unit within the DOJ.[7] The FBI created and at all times material to this Action had control over certain of the records here at issue.

20.     As components of DOJ, the FBI and OIG may be sued in this Action in their own capacities.[8]

## JURISDICTION AND VENUE

21.     The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B).

22.     The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201-02 and 28 U.S.C. § 1331.

---

[6] 5 U.S.C. § 101.
[7] 28 C.F.R. § 0.1.
[8] *Brown v. FBI*, 793 F. Supp. 2d 368, 384-5 (D.D.C. 2011) (citing cases).

23.     Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

**STATUTORY BACKGROUND**

24.     FOIA imposes on Defendants "both reactive and affirmative

obligations to make information available to the public."[9] Defendants' "reactive"

disclosure obligations are set forth in § 552(a)(3) of FOIA, which provides that

agencies must "make . . . records promptly available" in response to specific

requests."[10] Defendants' "affirmative" disclosure obligations are, as relevant, set

forth in § 552(a)(2) of FOIA and as otherwise provided by law.

25.     Section 552(a)(2) provides in part that Defendants "shall make

available for public inspection in an electronic format" the following categories of

records:

a. "statements of policy and interpretations which have been adopted
   by the agency and are not published in the Federal Register";[11]

b. "administrative staff manuals and instructions to staff that affect a
   member of the public";[12] and

c. "copies of all records, regardless of form or format . . . that have
   been requested 3 or more times."[13]

26.     DOJ summarizes its "Proactive Disclosure" obligations under

§ 552(a)(2) as follows:

[FOIA's] "public inspection" requirement is satisfied by providing the public
with access to the designated documents automatically and without waiting
for a FOIA request. The proactive disclosure provision of the FOIA imposes

---

[9] *Cit. for Resp. & Ethics in Wash. v. DOJ*, 846 F.3d 1235, 1240 (D.C. Cir. 2017).
[10] 5 U.S.C. § 552(a)(3)(A).
[11] *Id.* § 552(a)(2)(B).
[12] *Id.* § 552(a)(2)(C).
[13] *Id.* § 552(a)(2)(D)(ii)(II).

an affirmative disclosure obligation that requires agencies to not only
maintain, but also to continuously update, the records in each of the four
categories designated by subsection (a)(2) of the FOIA.[14]

## FACTS

27.    Defendants departed from, among other things, applicable law and

administrative policies and procedures in connection with the proceedings which led

to Mr. McCabe's dismissal.

28.    At all times material to this Action, Defendants were and remain in

violation of FOIA due to, among other things, (a) their continued failure to make the

documents that embody the above-referenced policies and procedures proactively

available for inspection in an electronic format without request, and (b) their failure

to make these documents promptly available upon Plaintiff's requests.

29.    The documents at issue in this Action are "records" within the meaning

of FOIA.[15] They are not exempt from disclosure, either in part or in whole. But even

assuming, for the sake of argument, that any parts of the documents are exempt

from disclosure, Defendants do not have the right to withhold any document in its

entirety on the grounds that it allegedly contains "some" exempt material.[16]

30.    On information and belief, Defendants fear that disclosure to Plaintiff

of the documents at issue will place Defendants and others at risk in any

proceedings brought against them by Mr. McCabe. Based on these fears,

---

[14] DOJ, "Proactive Disclosures," *Guide to the Freedom of Information Act*, 12 (2009),
https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/proactive-
disclosures-2009.pdf.
[15] *Id.* § 552(f)(2).
[16] *Mead Data Cent. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

Defendants appear to have preemptively decided not to disclose the documents to Plaintiff. Any further administrative review would be futile. Defendants have also failed to comply with the applicable time limit provisions of FOIA. Accordingly, all administrative remedies, to the extent otherwise applicable, have been or are deemed to be exhausted.

## A.    DOJ-OIG: Improper Withholding of the *Inspector General Manual*

### i.    Background

31.    OIG claims that its "mission is to detect and deter fraud, waste, and abuse . . . and misconduct by [DOJ] personnel."[17] In pursuit of its mission, OIG allegedly conducts "investigations of sensitive allegations involving [DOJ] employees."[18] OIG claims that, "To ensure transparency" in respect of these investigations, "OIG regularly posts summaries of employee misconduct findings on its website."[19]

32.    The head of OIG, Michael E. Horowitz, has complained to Congress when, in his view, DOJ components allegedly withheld materials from OIG in violation of applicable law. For example, Mr. Horowitz told Congress that "The Attorney General should not have to order [DOJ] components to provide [OIG] with

---

[17] DOJ, *Organization, Mission and Functions Manual: OIG*, https://www.justice.gov/jmd/organization-mission-and-functions-manual-office-inspector-general.

[18] OIG, *About the Office* (May 2018), https://oig.justice.gov/about/.

[19] OIG, *Top Management and Performance Challenges – 2016*, at 24 (Nov. 10, 2016) ("*OIG Performance Challenges*"), https://oig.justice.gov/challenges/2016.pdf.

access to records that Congress has made clear we are entitled to review."[20] In a

hearing titled "Obstructing Oversight," Mr. Horowitz complained about the

"substantial consequences" OIG faced due to actions that obstructed OIG's "access

to information":

> Actions that limit, condition, or delay access to information have substantial
> consequences for our work and lead to incomplete, inaccurate, or significantly
> delayed findings or recommendations. In order to avoid these consequences,
> the pending access issues need to be resolved promptly, hopefully through a
> . . . finding that Section 6(a) of the IG Act means what it says, namely that
> the OIG is entitled "to have access to all records . . . or other material
> available to the" [DOJ], which must be construed as timely, complete, and
> independent access to information in the [DOJ's] possession.[21]

### ii.      The *IG Manual* Must Be Proactively Disclosed

33.      OIG's *Inspector General Manual* ("*IG Manual*" or "*Manual*") sets forth

the guidelines, standards, rules, policies, and procedures that govern OIG, its

employees, and their work.

34.      OIG's FOIA log and other evidence establish that OIG has received at

least three requests for the *IG Manual* from members of the public. For this reason

alone, Defendants were required to make the *IG Manual* available for public

inspection in an electronic format without request. In addition, the *Manual*

constitutes (a) an "administrative staff manual" and "instructions to staff that affect

---

[20] *Access to Justice?: Does DOJ's Office of Inspector General Have Access to Information Needed to Conduct Proper Oversight?* Before the H. of Rep., Comm. on the Judiciary (Sept. 9, 2014) (Testimony of Michael E. Horowitz), https://oig.justice.gov/testimony/t140909.pdf.

[21] *Obstructing Oversight: Concerns from Inspectors General*, Before the H. of Rep., Comm. on Oversight and Gov't Reform (Sept. 10, 2014) (Testimony of Michael E. Horowitz), https://oig.justice.gov/testimony/t140910.pdf.

a member of the public" within the meaning of FOIA,[22] and (b) "statements of policy

and interpretations which have been adopted by [OIG] and are not published in the

Federal Register."[23]

35.     The statutory grant of authority to OIG includes the authority to

create and implement policies and procedures to guide the work of OIG and its

employees. OIG's policies and procedures must "adhere to professional standards

developed by" the Council of the Inspectors General on Integrity and Efficiency

("CIGIE"),[24] an independent entity established within the executive branch, whose

mission includes addressing "integrity, economy, and effectiveness issues" in respect

of OIG and other offices of the Inspectors General.[25] OIG must incorporate CIGIE's

"standards and principles . . . into an operations manual or handbook."[26] CIGIE

instructs OIG "to monitor changes in the laws, regulations, and other guidance,"

and to revise OIG policies "as necessary."[27]

36.     OIG created the *Manual* to facilitate the discharge of its obligations

under federal law and applicable regulations. In addition, OIG created the *Manual*

in an attempt to, among other things, direct, instruct, and educate OIG employees

in the performance of their duties and to enable them to work effectively on behalf

of the public.

---

[22] 5 U.S.C. § 552(a)(2)(C).
[23] *Id.* § 552(a)(2)(B).
[24] 5 U.S.C. App. § 11(c)(2).
[25] *Id.* App. § 11(a)(2).
[26] CIGIE, *Quality Standards for Investigations*, 1 (Nov. 15, 2011),
https://www.ignet.gov/sites/default/files/files/invprg1211appi.pdf.
[27] *Id.*

37.     OIG seeks to instill public confidence in the alleged independence and

integrity of OIG. To that end, Mr. Horowitz has repeatedly made public comments

claiming that OIG abides by a "usual process . . . to ensure the accuracy,

completeness, and appropriate classification of" its reports.[28] In a publicly available

letter, Mr. Horowitz claimed—twice in the same paragraph—that OIG's

investigation of Mr. McCabe was "consistent with [OIG's] usual practice."[29] On

information and belief, the "usual" "process" and "practice" to which Mr. Horowitz

referred are set forth in the *IG Manual*.

38.     At all times material to this Action, OIG has controlled, maintained,

revised, and/or updated the *Manual*, and has made the *Manual* available to OIG

employees in its various offices across the country. In particular, OIG makes the

*Manual* electronically available to its employees on OIG's internal, non-public

intranet site.

39.     OIG makes the *IG Manual* available to OIG employees so as to cause

them to review it, to rely on it, and to abide by its terms. During all times material

to this Action, OIG employees have reviewed and/or relied on the *IG Manual* or

portions thereof in connection with their employment.

40.     On information and belief, violation of certain of the *Manual*'s

provisions by OIG employees constitutes "misconduct" within the meaning of

applicable law and regulations. Violation of certain provisions contained in the *IG*

---

[28] Michael E. Horowitz, OIG, Letter to Charles E. Grassley, U.S. Senate (Apr. 13, 2018), https://www.judiciary.senate.gov/imo/media/doc/2018-04-13%20DOJ%20OIG%20to%20CEG%20-%20McCabe.pdf.
[29] *Id.*

*Manual* by OIG employees may also, among other things, (a) give rise to civil or criminal liability, (b) constitute violations of applicable rules of professional responsibility, or (c) constitute violations of applicable CIGIE standards. According to OIG, misconduct by DOJ employees threatens to "erode[ ] public confidence in the integrity of" DOJ.[30] OIG reportedly believes that disciplinary systems "play a significant role in ensuring the efficiency of government services."[31]

41.    OIG must submit to "peer reviews" by other offices of Inspectors General. These reviews assess, among other things, whether OIG has created and implemented "adequate policies, procedures and practices," and whether OIG is in compliance with CIGIE's various standards. In connection with the peer review process, the *IG Manual* must be examined in detail so as to assess OIG's "level of conformity with [CIGIE's] standards."[32]

42.    OIG's public website suggests that, in accordance with federal law, OIG's "staff manuals/instructions to staff" are electronically available in OIG's "FOIA Library."[33] Below is a recent screenshot from OIG's public website:[34]

**FOIA Library:**

This includes frequently requested records, opinions, policy statements, and staff manuals/instructions to staff, created by the Office of the Inspector General after November 1, 1996.

---

[30] *OIG Performance Challenges*, at 24.
[31] *Id.*
[32] CIGIE, *Qualitative Assessment of Compliance*, App. C–1, 1 (July 2017), https://www.ignet.gov/sites/default/files/files/QAR%20INV%20Appendix%20C-1%20July%202017.pdf.
[33] OIG, *Freedom of Information Act*, https://oig.justice.gov/foia/.
[34] *Id.*

43. But OIG's electronic FOIA Library does not in fact include any "Final Opinions and Orders," "Policy Statements," or "Staff Manuals and Instructions to Staff."[35] Nor does it include the *IG Manual*. The following recent screenshot reveals that OIG's electronic FOIA Library contains none of the Materials at issue in this Action:[36]

## FOIA Library

**Final Opinions and Orders**

    The OIG does not maintain records pertaining to this category.

**Policy Statements**

    The OIG does not maintain records pertaining to this category.

**Staff Manuals and Instructions to Staff**

    The OIG does not maintain records pertaining to this category.

### iii.     Improper Withholding and Exhaustion

44. As of the date of the filing of this Complaint, Defendants (a) have not made the *IG Manual* available for public inspection in an electronic format, or in any other format, without request, (b) have not made the *IG Manual* promptly available to Plaintiff upon request, and (c) have not made any "determination" on Plaintiff's request within the time limits required under FOIA.

45. Because Defendants have not made the *IG Manual* available for public inspection in any format, Plaintiff made numerous attempts—from the week of April 9, 2018 through May 21, 2018—to convince OIG to comply with the law.

---

[35] OIG, *FOIA Library*, https://oig.justice.gov/foia/eroom.htm.
[36] *Id.*

46.    In email correspondence with OIG's General Counsel and Deputy

Inspector General, William M. Blier, Plaintiff requested the release of the *Manual*

and submitted that request in writing on April 19, 2018. Plaintiff repeatedly

requested in writing that OIG grant expedited processing of his request, and

certified the reasons for such relief.

47.    In particular, Plaintiff explained in writing to Mr. Blier that, by

improperly withholding the *Manual*, OIG (a) deprived Plaintiff of a meaningful

opportunity (i) to protect his client from waiving or forfeiting applicable rights,

remedies, or procedures, and (ii) to vindicate his client's constitutional and other

rights; and (b) deprived Plaintiff's client of corresponding rights.[37] Plaintiff further

explained in writing that OIG's improper withholding of the *Manual* related to "A

matter of widespread and exceptional media interest in which there exist possible

questions about the government's integrity which affect public confidence."[38] Mr.

Blier, acting on behalf of OIG, denied Plaintiff's request for expedited processing by

emails dated April 25, 2018 and April 26, 2018.

48.    By email dated April 25, 2018, Plaintiff attempted to compromise by

offering to review the *Manual* in paper form at OIG's office and to "flag relevant

pages for copying at [Plaintiff's] expense." Mr. Blier rejected Plaintiff's offer by

email dated April 26, 2018.

---

[37] *See* 28 C.F.R. § 16.5(e)(1)(iii).
[38] *See id.* § 16.5(e)(1)(iv).

49.     OIG sent a letter to Plaintiff via email on May 2, 2018 ("May 2 Letter"). The May 2 Letter, which OIG incorrectly dated as May 1, 2018, claimed that OIG was "processing" Plaintiff's request for the *Manual*. OIG also stated that Plaintiff's request for the *Manual* required OIG to "conduct[ ] a search of OIG records." OIG claimed to "have already located a voluminous amount of records that may be responsive to [Plaintiff's] request."

50.     OIG's representations cannot have been accurate. OIG did not need to conduct a "search of OIG records" to find the *IG Manual*, which is electronically available to all OIG employees on OIG's intranet site, and which OIG uses on a daily basis. OIG also could not have "located" a "voluminous amount of records" that "may" be "responsive" to Plaintiff's request. OIG publicly represents that the *IG Manual* is a single document. Plaintiff requested only that document. The only document that is "responsive" to Plaintiff's request for the *IG Manual* is the *IG Manual*.

51.     OIG nevertheless claimed in its May 2 Letter that, "Due to the need to examine this voluminous amount of records to determine which are responsive and may be subject to release, [Plaintiff's] request falls within 'unusual circumstances' provisions of the FOIA."[39] OIG claimed that,

> Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. The time needed to process your request will necessarily depend on the volume of all potentially responsive records that are located and the complexity of issues presented by the records. . . . Simple requests usually

---

[39] In support of this proposition, OIG cited to "5 U.S.C. § 552(a)(6)(B)(i)-(iii)."

receive a response in about a month, whereas complex requests necessarily take longer.

At this time, your request has been assigned to the complex track. You may narrow the scope of your request, thereby limiting the volume of potentially responsive records, to obtain quicker processing in your currently-assigned track.

52.     OIG's May 2, 2018 response is deficient in numerous ways. For example, OIG does not meet the "unusual circumstances" provision of FOIA, and it failed to properly, accurately, or sufficiently "set[ ] forth the unusual circumstances for [the] extension" to which it claimed to be entitled.[40] In addition, OIG failed to set forth "the date on which a determination is expected to be dispatched" in respect of Plaintiff's demand for the *Manual*.[41]

53.     OIG also violated FOIA by failing to provide Plaintiff with an opportunity to limit the scope of his request. OIG's May 2 Letter supposedly invited Plaintiff to "narrow the scope of [his] request, thereby limiting the volume of potentially responsive records, to obtain quicker processing in your currently-assigned track." This alleged invitation was similar to one Mr. Blier made in an April 26, 2018 email to Plaintiff. In that email, Mr. Blier suggested that if Plaintiff were "able to narrow [his] request to specific topics of interest . . ., it may facilitate our identification of that subset of records and, therefore, the time needed for our processing of [Plaintiff's] request."

54.     In reliance on these suggestions, Plaintiff endeavored to "narrow" his request for the *Manual* by offering to review the *Manual*'s table of contents. In

---

[40] 5 U.S.C. § 552(a)(6)(B)(i).
[41] *Id.*

Plaintiff's view, this exercise would allow Plaintiff to responsibly and intelligently "narrow [his] request to specific topics of interest" in accordance with Mr. Blier's instruction.

55.    OIG nevertheless rejected Plaintiff's proposal. By email dated May 21, 2018, Counsel for OIG advised as follows: "OIG has decided that it would not be appropriate to provide you with any table of contents because some of the information is likely privileged and providing it is unlikely to resolve your concerns given the nature of your demands." Counsel further wrote that he did not "think that continuing discussions will lead us to agreement. Thus, recognizing these facts, and in the interest of the orderly administration of the government, we do not intend to provide you with any" of the Materials at issue in this Action, "other than . . . those that you may receive in response to your FOIA request."

56.    Plaintiff had also undertaken separate efforts to access the *Manual* in accordance with OIG's instructions. These efforts, too, were unsuccessful.

57.    Agencies historically satisfied the proactive disclosure requirements of FOIA by making documents like the *Manual* "available to the public in paper-based collections known as 'Reading Rooms,' thereby compelling citizens to visit an agency's records collection in person."[42] On its website, OIG claims it has such a

---

[42] DOJ, "Proactive Disclosures," *Guide to the Freedom of Information Act*, 12–13 (2009) (formatting altered), https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/proactive-disclosures-2009.pdf.

"Conventional Reading Room" and invites citizens to "Call (202) 616-0646 for access

instructions."[43] A recent screenshot of OIG's representation is below:

Office of the Inspector General
Office of General Counsel
950 Pennsylvania Ave., N.W.
Room 4726
Washington, D.C. 20530
Voice: 202-616-0646
Fax: 202-616-9152
Email: oigfoia@usdoj.gov

**Conventional Reading Room:**

Call (202) 616-0646 for access instructions.

58.     On May 3, 2018, Plaintiff called (202) 616-0646 and requested "access

instructions" to the Conventional Reading Room. OIG refused to provide those

instructions to Plaintiff. According to OIG, Plaintiff was not entitled to access the

physical FOIA Library because Plaintiff's request for the *Manual* was "being

processed" under FOIA. By email of the same date, Plaintiff advised Mr. Blier that

his staff had impermissibly refused to allow Plaintiff access to OIG's FOIA Library.

Plaintiff requested that Mr. Blier "facilitate [Plaintiff's] access" to the library by

May 4, 2018 so that Plaintiff could "review the *IG Manual*."

59.     As of the date of the filing of this Action,

    a.  Plaintiff has not received any response from Mr. Blier;

    b.  Defendants have not made the *Manual* available for public
        inspection in any format—electronic or otherwise;

    c.  Defendants have not provided Plaintiff with the *Manual*;

    d.  Defendants have not provided Plaintiff with access to any
        Conventional Reading Room or physical library;

---

[43] OIG, *Freedom of Information Act*, https://oig.justice.gov/foia/.

    e.   Defendants have not provided Plaintiff with "access instructions" to any Conventional Reading Room or physical library; and

    f.   Defendants have not timely provided Plaintiff with any determination on his request for the *Manual*.

60.    On information and belief, Defendants fear that disclosure of the *Manual* to Plaintiff will place Defendants and others at risk in any proceedings brought against them by Mr. McCabe. Based on these fears, Defendants appear to have preemptively decided not to disclose the documents to Plaintiff. Any further administrative review would be futile.

61.    The *IG Manual* is not exempt from disclosure, whether in part or in whole. But even assuming, for the sake of argument, that any part of the *Manual* is exempt from disclosure, Defendants do not have the right to withhold the entire document even if it contains some exempt material.

## B.    FBI: Improper Withholding of the FBI Materials

### i.    Background

62.    The FBI's Office of Professional Responsibility ("FBI-OPR") is "responsible for investigating and adjudicating allegations of misconduct by FBI employees."[44] Candice M. Will is the head of FBI-OPR. According to Defendants, Ms. Will proposed that Mr. McCabe be dismissed from the FBI based on alleged findings of misconduct.

63.    On information and belief, the FBI-created documents at issue in this Action ("FBI Materials") include the following:

---

[44] U.S. Gen. Accounting Office, GAO-03-759T, *FBI Reorganization: Progress Made in Efforts to Transform*, 58 (2004) ("*GAO-FBI Report*").

    a.   FBI, *Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters*

    b.   FBI, *Senior Executive Service Policy Implementation Guide*

    c.   FBI, *Inspection Division Policy Implementation Guide*

64.    Defendants have precluded Plaintiff from knowing whether other materials not referenced in this Complaint applied to or governed any of the proceedings or related activities which led to Mr. McCabe's dismissal.

65.    The FBI Materials reportedly set forth the guidelines, standards, rules, policies, and procedures that govern the FBI, its relevant divisions, its employees, and their work. The FBI Materials contain statements of general applicability. Those statements reflect the standards which FBI employees allegedly use and apply in accordance with applicable law and FBI authority. For practical purposes, they impact and/or determine the substantive rights and/or liabilities of individuals.

66.    The documents titled *Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters* and *Senior Executive Service Policy Implementation Guide* reportedly set forth the guidelines, standards, rules, policies, and procedures that may have governed and/or applied to, among other things, Ms. Will's alleged administrative inquiry of Mr. McCabe—a former member of the Senior Executive Service—and his subsequent, unlawful dismissal.

67.    As noted above, the FBI Materials also include the *Inspection Division Policy Implementation Guide*. The FBI's Inspection Division is reportedly "responsible for reviewing FBI field offices and program divisions to ensure

compliance with applicable laws and regulations."[45] Defendants claim that the Inspection Division investigated Mr. McCabe in connection with the underlying proceedings.

68.     The FBI Materials constitute "administrative staff manuals" and "instructions to staff that affect a member of the public" within the meaning of FOIA.[46] In addition, the FBI Materials constitute "statements of policy and interpretations which have been adopted by [the FBI] and are not published in the Federal Register."[47]

69.     The FBI has the authority to create and implement policies and procedures, including the FBI Materials at issue here, to guide the work of the FBI and its employees. The FBI's policies and procedures, including the FBI Materials, must be consistent with, among other things, applicable law, regulations, and Attorney General Guidelines. At all times material to this Action, the FBI Materials have remained under the control of the FBI.

70.     The FBI maintains an electronic FOIA Library on its publicly-accessible website. As of the date of the filing of this Action, the FBI Materials have not been made publicly available, whether in the FBI's electronic FOIA Library or otherwise.

71.     The FBI has maintained the FBI Materials during all times material to this Action. The FBI has revised or updated the FBI Materials, and has made

---

[45] *Id.* at 56.
[46] 5 U.S.C. § 552(a)(2)(C).
[47] *Id.* § 552(a)(2)(B).

such revisions or updates available to FBI employees in its various offices across the country, including on the FBI's internal, non-public intranet site. The FBI makes the FBI Materials available so that its employees review them, rely on them, and abide by their terms. On information and belief, during all times material to this Action, FBI employees have reviewed and/or relied on the FBI Materials or portions thereof in connection with their employment.

72.     Violation of certain of the provisions contained in the FBI Materials by FBI employees constitutes "misconduct" within the meaning of applicable rules, regulations, policies, or administrative staff manuals, including the FBI Materials themselves. In addition, violation of certain provisions contained in the FBI Materials by FBI employees may, among other things, (a) give rise to civil or criminal liability, (b) constitute violations of applicable rules of professional responsibility, or (c) constitute violations of applicable regulations.

73.     The FBI endeavors to deter, to investigate, and to punish misconduct, including the misconduct that results from violating the FBI Materials, because such misconduct jeopardizes public confidence in the FBI. To that end, the FBI claims that it imposes disciplinary penalties with respect to such misconduct so as "to correct behavior and send the message to our workforce, our Congressional overseers, and the general public that misconduct will not be tolerated . . . . The FBI's disciplinary process serves to ensure adherence to the Bureau's rigorous standards of conduct."[48]

---

[48] FBI, *Offense Codes and Penalty Guidelines*, at 2.

74.    On information and belief, the FBI granted OIG and others access to the FBI Materials and similar materials, and authorized OIG and others to cite, quote from, and incorporate by reference the FBI Materials and similar materials for public release.

### ii.    Improper Withholding of the FBI Materials

75.    As of the date of the filing of this Complaint, Defendants have failed to make the FBI Materials available for public inspection in an electronic format, or in any other format, without request. This constitutes an improper withholding of records in violation of applicable law.

76.    On information and belief, the FBI Materials are not exempt from disclosure in part or in whole. But even assuming, for the sake of argument, that any part of the FBI Materials are exempt from disclosure, neither the FBI nor DOJ can justify withholding the documents in their entirety simply by showing that they contain some exempt material.

77.    On May 3, 2018, Plaintiff emailed Ms. Will of FBI-OPR a request for various records, which, on information and belief, encompassed the FBI Materials. As relevant, Plaintiff requested the following items:

a.    "For the relevant time period, the FBI's Offense Codes and any related policies, procedures, policy guidance, interpretations, orders, staff instructions, etc."

b.    "For the relevant time period, the FBI's Media Relations Policy and any related policies, procedures, policy guidance, interpretations, orders, staff instructions, etc."

    c.   "The FBI's current Media Relations Policy and any related policies, procedures, policy guidance, interpretations, orders, staff instructions, etc."

    d.   "For the relevant time period, the FBI's Manual of Administrative Operations and Procedures."

    e.   "For the relevant time period, the FBI's Domestic Investigations and Operations Guide."

    f.   "For the relevant time period, any other FBI or DOJ manuals, policies, procedures, orders, memoranda of understanding, etc which govern any administrative inquiries, investigations, disciplinary processes, adverse actions, proposals, approvals, etc relating to Mr. McCabe's termination."

78.    In his email, Plaintiff advised that the FBI's failure to make the FBI Materials (among others) available violated FOIA and could deprive Mr. McCabe of due process rights in connection with the proceedings leading to his termination. Plaintiff also explained that his "requests concern a matter that's of widespread and exceptional interest to the public and to the media given the numerous questions about the government's integrity which affect public confidence."

79.    By email dated May 4, 2018, Ms. Will stated that she was "unable to provide the documents [Plaintiff] request[ed]." Ms. Will advised Plaintiff that he could seek to "obtain[ ] official FBI information" via "discovery in pending litigation; or . . . in response to a FOIA demand."

80.    Ms. Will's email response copied various individuals, including: "Scott Schools, ADAG, ODAG, DOJ[;] Bill Blier, Counsel, OIG, DOJ[;] Dave Hardy, Section Chief, Records Management Division, FBI[;] Jeff Good, Attorney, Human Resource

Section, FBI" (formatting altered). Ms. Will stated that the foregoing individuals "may be of further assistance or have a different take on the matter."

81.     Pursuant to Ms. Will's suggestion, Plaintiff emailed Mr. Schools the same day—May 4, 2018.

82.     At all times material to this Action, Mr. Schools served as Associate Deputy Attorney General of DOJ. Mr. Schools reportedly recommended to Mr. Sessions, the Attorney General, that Mr. Sessions accept Ms. Will's proposal to terminate Mr. McCabe's employment. Mr. Schools made this recommendation to Mr. Sessions on Friday, March 16, 2018, roughly a day before Mr. McCabe's planned retirement. Mr. Schools' recommended timetable for the dismissal was "As soon as possible." Mr. Sessions dismissed Mr. McCabe that same day.

83.     In his May 4, 2018 email to Mr. Schools, Plaintiff asked whether Mr. Schools might be available to speak over the phone to resolve the dispute over access to the Documents, including the FBI Materials.

84.     As of the date of the filing of this Action, Plaintiff has received no response from Mr. Schools. Nor has Plaintiff received any correspondence or communications from the other officials whom Ms. Will copied on her May 4, 2018 email to Plaintiff.

85.     Plaintiff subsequently engaged in several meet-and-confer sessions with the Federal Programs Branch of DOJ ("Counsel"), which informed Plaintiff that it serves as Defendants' legal counsel in connection with matters relating to this Action. By email dated May 21, 2018, Counsel advised Plaintiff that "in the

interest of the orderly administration of the government, we do not intend to provide you with" the FBI records. Counsel further advised that, "in the absence of actual litigation, [Plaintiff's] demands are not constrained by the normal rules of discovery, which exist, in part, to protect defendants from burdensome or otherwise unreasonable requests."

86.     On information and belief, Defendants fear that disclosure of the FBI Materials to Plaintiff will place Defendants and others at risk in any proceedings brought against them by Mr. McCabe. Based on these fears, Defendants appear to have preemptively decided not to disclose the documents to Plaintiff. Any further administrative review would be futile.

87.     Other than Ms. Will's May 4, 2018 email, and Counsel's May 21, 2018 email, Plaintiff has not received any other notice or determination relating to the FBI Materials.

88.     The FBI Materials are not exempt from disclosure, whether in part or in whole. But even assuming, for the sake of argument, that any part of the FBI Materials are exempt from disclosure, Defendants do not have the right to withhold the FBI Materials in their entirety even if they contain some exempt material.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of FOIA, 5 U.S.C. § 552(a)(2)
### *Public Inspection Without Request*

89.     The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

90.     Plaintiff, as a member of the public, has a right under 5 U.S.C.

§ 552(a)(2) and applicable regulations to inspect, in an electronic format, and

without request, all of the documents at issue in this Action, including (a) OIG, *IG*

*Manual*, (b) FBI, *Policy Implementation Guide for Adjudication of Delegated*

*Disciplinary Matters*, (c) FBI, *Senior Executive Service Policy Implementation*

*Guide*, (d) FBI, *Inspection Division Policy Implementation Guide*, (collectively,

"Documents").

91.     Plaintiff, as a member of the public, has a right under 5 U.S.C.

§ 552(a)(2) and applicable regulations to inspect, in an electronic format, and

without request, any other information, documents, or materials ("Other

Materials") which:

> a. allegedly were, or as a matter of law and fact should have been,
>    applicable to the investigation, adjudication, and dismissal of Mr.
>    McCabe, including any administrative inquiries, adverse action
>    proposals, recommendations, or approvals, or any other
>    proceedings, and
>
> b. Defendants are required to proactively disclose under 5 U.S.C.
>    § 552(a)(2).

92.     On information and belief, all of the Documents and Other Materials

constitute "statements of policy and interpretations which have been adopted by

[Defendants] and are not published in the Federal Register." Accordingly,

Defendants were required to make these Documents and Other Materials available

for public inspection in an electronic format without request.

93.     On information and belief, all of the Documents and Other Materials

also constitute "administrative staff manuals and instructions to staff that affect a

member of the public."[49] In addition, the *IG Manual* has been requested "3 or more times."[50] Accordingly, Defendants were required to make these Documents and Other Materials available for public inspection in an electronic format without request.

94.     Defendants have failed to make any of the Documents or Other Materials available for public inspection in an electronic format—or in any other format—without request. Defendants have thus improperly withheld those Documents and Other Materials in violation of 5 U.S.C. § 552(a)(2) and applicable regulations.

95.     Defendants' failure to make the Documents and Other Materials available for public inspection without request constitutes a continuing pattern and practice of violating the proactive disclosure requirements of FOIA and applicable regulations.

96.     Plaintiff has been, and will continue to be, immediately and irreparably harmed by Defendants' failure to make the Documents and Other Materials available for public inspection without request.

97.     Plaintiff is entitled to, among other things, an injunction prohibiting Defendants from withholding the Documents and Other Materials, and to an order requiring Defendants to immediately produce to Plaintiff true and correct copies of those Documents and Other Materials.

---

[49] *Id.* § 552(a)(2)(C).
[50] *Id.* § 552(a)(2)(D).

## SECOND CAUSE OF ACTION
## Violation of FOIA, 5 U.S.C. § 552(a)(2), (a)(6)(A)
### *Requests for Reading Room Materials*

98.     The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

99.     Because Defendants unlawfully failed to make any of the Documents and Other Materials available for public inspection in an electronic format without request, Plaintiff made requests and/or demands for those Documents and Other Materials in accordance with 5 U.S.C. § 552(a)(2) and (a)(6)(A).

100.     Following Plaintiff's requests and/or demands for the *IG Manual*, Defendants unlawfully failed to timely, properly, or sufficiently provide Plaintiff with the determination to which he was entitled under FOIA. Defendants also unlawfully and improperly withheld the *IG Manual* from Plaintiff. Plaintiff has exhausted any and all applicable administrative remedies.

101.     By email dated May 4, 2018, Ms. Will, on behalf of Defendants, including Defendant FBI, stated that she was "unable" to provide Plaintiff with the Documents and Other Materials. This constituted a notification of denial of Plaintiff's request for the Documents and Other Materials, including the FBI Materials. Ms. Will's notification of denial set forth the names and titles or positions of each person responsible for the denial of Plaintiff's request.

102.     Defendants had no lawful basis for their May 4, 2018 notification of denial of Plaintiff's request for the Documents or Other Materials. Defendants have thus unlawfully and improperly withheld those Documents and Other Materials

from Plaintiff in violation of applicable law and regulations. Plaintiff has exhausted any and all applicable administrative remedies.

103.   Defendants additionally violated FOIA by failing to grant expedited processing to Plaintiff under 5 U.S.C. § 552(a)(6)(E) and applicable regulations.

104.   Plaintiff has been, and will continue to be, immediately and irreparably harmed by Defendants' failure to comply with applicable law.

105.   Plaintiff is entitled to, among other things, an injunction prohibiting Defendants from withholding the Documents and Other Materials, and to an order requiring Defendants to immediately produce to Plaintiff true and correct copies of those Documents and Other Materials.

## THIRD CAUSE OF ACTION
### Violation of FOIA, 5 U.S.C. § 552(a)(3)
### *Requests for Identified Records*

106.   The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

107.   Defendants have violated FOIA by failing to make promptly available the Documents as required by 5 U.S.C. § 552(a)(3)(A) and applicable regulations. Defendants have unlawfully and improperly withheld those Documents and Other Materials from Plaintiff.

108.   Defendants unlawfully failed to timely, properly, or sufficiently provide Plaintiff with the determination to which he was entitled under FOIA in respect of his request for disclosure of the *IG Manual*.

109.    Defendants additionally violated FOIA by failing to grant expedited processing to Plaintiff under 5 U.S.C. § 552(a)(6)(E) and applicable regulations.

110.    Plaintiff has exhausted any and all applicable administrative remedies.

111.    Plaintiff has been, and will continue to be, immediately and irreparably harmed by Defendants' failure to comply with applicable law.

112.    Plaintiff is entitled to, among other things, an injunction prohibiting Defendants from withholding the Documents and Other Materials, and to an order requiring Defendants to immediately produce to Plaintiff true and correct copies of those Documents and Other Materials.

## FOURTH CAUSE OF ACTION
### Administrative Procedure Act ("APA"), 5 U.S.C. § 706
### Violation of FOIA, 5 U.S.C. § 552(a)(2)
### *Public Inspection Without Request*

113.    The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

114.    Defendants have violated Plaintiff's statutory right, under 5 U.S.C. § 552(a)(2), to inspect, in an electronic format, and without request, the Documents and Other Materials. Defendants have thus improperly and unlawfully withheld those Documents and Other Materials.

115.    Defendants' failure to make the Documents and Other Materials available for inspection in an electronic format without request is reviewable by statute and constitutes final agency action. Defendants have acted and/or failed to

act so as to refuse to make the Documents and Other Materials available for inspection in an electronic format without request. Defendants have done so despite knowing that their acts and/or failure to act violate the proactive disclosure requirements of FOIA. Defendants have completed their decision-making processes regarding whether to comply with FOIA's proactive disclosure requirements in respect of the Documents and Other Materials. The direct and immediate effects of the foregoing include the immediate and irreparable harm to Plaintiff described in this Complaint.

116.    Defendants' failure to make the Documents and Other Materials available for inspection in an electronic format without request constitutes agency action (a) unlawfully withheld and/or unreasonably delayed, (b) that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (c) that is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and/or (d) that is without observance of procedure required by law.

117.    To the extent FOIA does not provide a remedy for Defendants' failure to make the Documents and Other Materials available for inspection in an electronic format without request, there is "no other adequate remedy in a court."[51]

118.    Under the APA, Plaintiff is entitled to (a) judicial relief compelling the action Defendants have unlawfully withheld or unreasonably delayed, and (b) judicial relief holding unlawful and setting aside Defendants' above-described actions.

---

[51] 5 U.S.C. § 704.

119.   In particular, Plaintiff is entitled to, among other things, (a) an injunction prohibiting Defendants from withholding from Plaintiff the Documents and Other Materials, and (b) an order requiring Defendants to immediately produce to Plaintiff, without request, true and correct copies of those Documents and Other Materials.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(1)     Expedite the consideration of this action pursuant to 28 U.S.C. § 1657(a);

(2)     Enjoin Defendants

   (a)   from withholding from Plaintiff the Documents at issue in this Action, including: (i) OIG, *Inspector General Manual*, (ii) FBI, *Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters*, (iii) FBI, *Senior Executive Service Policy Implementation Guide*, and (iv) FBI, *Inspection Division Policy Implementation Guide*; and

   (b)   from withholding from Plaintiff any other information, documents, or materials ("Other Materials") that Defendants are required—but have failed—to proactively disclose under 5 U.S.C. § 552(a)(2) and that applied to, or which Defendants should have applied to, the dismissal of Mr. McCabe, including any investigation, adjudication, administrative inquiry, adverse action recommendation and approval, and any other related proceedings.

(3)     Order Defendants to electronically produce, via email to the undersigned, and within one week of the Court's Order (or by such date as the Court deems appropriate), all Documents, Other Materials, and a *Vaughn* index of all responsive information withheld under any claim of exemption;

(4)     Award reasonable costs and attorneys' fees pursuant to 5 U.S.C.

§ 552(a)(4)(E), 28 U.S.C. § 2412(d), this Court's inherent authority, and any other

applicable law; and

(5)     Grant such other relief as the Court may deem just and proper.

Dated: June 12, 2018                    Respectfully submitted,

                                        BOIES SCHILLER FLEXNER LLP

                                        By:  /s/ David L. Snyder
                                        _____

                                        David L. Snyder (D.C. Bar No. 888303946)
                                        Richard A. Feinstein (D.C. Bar No. 324848)
                                        Samuel C. Kaplan (D.C. Bar No. 463350)
                                        BOIES SCHILLER FLEXNER LLP
                                        1401 New York Ave., NW
                                        Washington, D.C. 20005
                                        Telephone:    (202) 237-2727
                                        Facsimile:    (202) 237-6131
                                        Email:  dsnyder@bsfllp.com
                                        Email:  rfeinstein@bsfllp.com
                                        Email:  skaplan@bsfllp.com

                                        *Attorneys for Plaintiff in his capacity as*
                                        *counsel for Andrew G. McCabe*