**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID L. SNYDER, in his capacity as counsel for Andrew G. McCabe, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

No. 1:18-cv-1389-CKK

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Defendants admit that, on the evening of March 16, 2018, Andrew McCabe was terminated from his position as Deputy Director of the FBI. The remainder of the paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations.

2. This paragraph contain legal conclusions to which no response is required.

3. The phrase "those materials" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and, on that basis, deny the allegations. The second sentence contains legal conclusions to which no response is required. The third sentence contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this Freedom of Information Act ("FOIA") case, thus, no response is required.

4. As to the first sentence, Defendants admit that Mr. McCabe served in the FBI for over 20 years, including as the Deputy Director. The remainder of the paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required.

1

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and, on that basis, deny the allegations. The remainder of the paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence. Defendants admit that on March 16, 2018, the Associate Deputy Attorney General recommended firing Mr. McCabe and that Mr. McCabe was fired on March 16, 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

6. The first and second sentences contain allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the third sentence.

7. The first and third sentences contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. In addition, the phrase "some of the same high-ranking officials" is vague and ambiguous. Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence and, on that basis, deny the allegations.

8. The first three sentences contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence and, on that basis, deny the allegations.

9. This paragraph contains legal conclusions to which no response is required. The allegations are also unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. To the extent a response is required, Defendants deny the allegations.

10. The first sentence contains a characterization of Plaintiff's suit to which no response is required. The second sentence contains a characterization of Plaintiff's suit and legal conclusion to which no response is required.

11. The first sentence contains legal conclusions to which no response is required. Defendants deny the second sentence.

12. Defendants deny the first sentence. The remainder of the paragraph contains legal conclusions to which no response is required, as well as allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required.

13. Defendants deny this paragraph.

14. This paragraph contains a characterization of Plaintiff's suit to which no response is required.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Defendants admit this paragraph.

17. Defendants admit the U.S. Department of Justice Office of the Inspector General ("OIG") and the Federal Bureau of Investigation are components of the Department of Justice. The second sentence contains legal conclusions to which no response is required.

18. Defendants admit that OIG is a statutorily created independent entity within the Department of Justice and a component of the Department of Justice. The second sentence contains legal conclusions to which no response is required.

19. Defendants admit the first sentence. The second sentence contains legal conclusions to which no response is required.

20. This paragraph contains legal conclusions to which no response is required.

21. This paragraph contains legal conclusions to which no response is required.

22. This paragraph contains a legal conclusion to which no response is required.

23. This paragraph contains a legal conclusion to which no response is required.

24. This paragraph contains legal conclusions to which no response is required.

25. This paragraph contains legal conclusions to which no response is required.

26. Defendants admit that the U.S. Department of Justice's Guide to the Freedom of Information Act ("Guide") includes the quoted language. The Guide is available at https://www.justice.gov/oip/doj-guide-freedom-information-act-0. Defendants respectfully refer the Court to the Guide for a full and accurate statement of its contents.

27. This paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

28. This paragraph contains legal conclusions to which no response is required.

29. This paragraph contains legal conclusions to which no response is required.

30. Defendants deny the first two sentences of this paragraph. The remainder of the paragraph contains legal conclusions to which no response is required.

31. This paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the publications cited in this paragraph for full and accurate statements of their contents.

32. This paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required.

33. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. Defendants admit that OIG has received at least three FOIA requests for the *IG Manual* or portions thereof from members of the public, including Plaintiff, but denies the remainder of the first sentence. The second and third sentences contain legal conclusions to which no response is required.

35. This paragraph contains legal conclusions to which no response is required.

36. Defendants deny this paragraph.

37. This paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required.

38. As to the first sentence, whether OIG controlled the manual is a legal conclusion to which no response is required. As to the remainder of the first sentence, Defendants admit that OIG maintains, revises, and updates the *IG Manual*, and that it makes the *IG Manual* available to OIG employees in its various offices across the country. As to the second sentence,

Defendants admit that OIG makes the *IG Manual* electronically available to its employees on its internal, non-public intranet site.

39.     Defendants deny the allegation in the first sentence. The phrase "[d]uring all times material to this Action" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, on that basis, deny the allegations.

40.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the phrases "certain of the *Manual*'s provisions" and "certain provisions contained in the *IG Manual*" are vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. Defendants respectfully refer the Court to the materials cited for a full and accurate statement of their contents.

41.     This paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. To the extent a response is deemed required, Defendants deny the allegations.

42.     As to the first sentence, allegations regarding what is required to be "in accordance with federal law," are legal conclusions to which no response is required. With respect to the remainder of the first sentence, Defendants admit that the cited webpage states that the "FOIA Library: [ ] includes frequently requested records, opinions, policy statements, and staff manuals/instructions to staff, created by the Office of the Inspector General after November 1, 1996." Defendants admit that the screenshot reproduced as part of the second sentence is an accurate representation of a portion of the cited webpage. Defendants respectfully refer the

Court to the cited webpage (https://oig.justice.gov/foia/) for a full and accurate statement of its contents.

43. Defendants admit the first and second sentences. The phrase "Materials at issue in this Action" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence and, on that basis, deny the allegations. Defendants admit that the screenshot reproduced as part of the third sentence is an accurate representation of a portion of the cited webpage. Defendants respectfully refer the Court to the cited webpage (https://oig.justice.gov/foia/eroom.htm) for a full and accurate statement of its contents.

44. Defendants admit that as of the date of the filing of the complaint, OIG had not made the *IG Manual* available for public inspection in an electronic or other format without request. With respect to the allegation that, as of the date of the filing of the complaint, OIG did not make the *IG Manual* "promptly available to Plaintiff upon request," OIG admits that it had not provided the *IG Manual* to Plaintiff. With respect to the allegation that, as of the date of the filing of the complaint, OIG "ha[d] not made any 'determination' on Plaintiff's request within the time limits required under FOIA," Defendants deny the allegation.

45. Defendants deny the allegations in this paragraph, except to admit that Plaintiff was in contact with representatives of the OIG in April and May 2018.

46. Defendants admit that Plaintiff demanded that the OIG produce the *IG Manual*, including in email correspondence of April 19, 2018, with General Counsel William M. Blier, and that General Counsel Blier responded by email on April 19, 2018, that the OIG would treat Plaintiff's email demand as a FOIA request and process it in the ordinary course. As to the second sentence, Defendants admit that Plaintiff responded to General Counsel Blier by email on

7

April 19, 2018, that processing in the ordinary course would be insufficient and that "[t]his needs to be expedited." Defendants respectfully refer the Court to the cited emails for a full and accurate statement of their contents.

47. Defendants deny this paragraph, except to admit that Plaintiff made the claimed statements in writing. Defendants respectfully refer the Court to the cited emails for a full and accurate statement of their contents.

48. Defendants admit that, in an April 25, 2018 email, Plaintiff asked to review the *IG Manual* in paper form and to pay for the copying costs of pages sought. As to the second sentence, Defendants deny the allegations and respectfully refer the Court to the cited email exchange for a full and accurate statement of its contents.

49. Defendants admit that OIG sent a letter to Plaintiff dated May 1, 2018 and respectfully refer the Court to that letter for a full and accurate statement of its contents.

50. Defendants deny this paragraph. The last sentence of the paragraph contains a legal conclusion to which no response is required.

51. Defendants admit that OIG sent Plaintiff a letter dated May 1, 2018, addressing his request and respectfully refer the Court to the letter for a full and accurate statement of its contents.

52. This paragraph contains legal conclusions to which no response is required.

53. The first sentence is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the first sentence. As to the second and third sentences, Defendants admit that OIG invited Plaintiff to narrow the scope of Plaintiff's request, including by letter dated May 1, 2018, and by email on April 26, 2018. Defendants respectfully refer the Court to those documents for a full and accurate statement of their contents.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations, except to admit that Plaintiff requested to review the Table of Contents of the *IG Manual*.

55. Defendants admit that OIG declined to allow Plaintiff to review the Table of Contents of the *IG Manual* by email on May 21, 2018. Defendants respectfully refer the Court to that email for a full and accurate statement of its contents.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57. With respect to the first sentence, Defendants admit that agencies have used physical reading rooms to satisfy the proactive disclosure requirement of FOIA and further state that the allegation that the *IG Manual* is a document subject to the proactive disclosure requirements of FOIA is a legal conclusion to which no response is required. Defendants admit that the screenshot reproduced as part of the third sentence is an accurate representation of a portion of the OIG's website and respectfully refers the Court to the cited webpage (https://oig.justice.gov/foia/) for a full and accurate statement of its contents.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of this paragraph. As to the fourth and fifth sentences, Defendants admit that Plaintiff sent an email to General Counsel Blier on May 4, 2018, and respectfully refers the Court to that email for a full and accurate statement of its contents.

59. a. Defendants deny the allegation in subpart a: Counsel for the Department of Justice responded to Plaintiff on General Counsel Blier's behalf.

    b. Defendants admit that, as of the date of the filing of the complaint, OIG had not made the *IG Manual* available for public inspection.

    c. Defendants admit that, as of the date of the filing of the complaint, OIG had not provided the *IG Manual* to Plaintiff.

    d. Defendants admit that, as of the date of the filing of the complaint, OIG had not provided Plaintiff with access to a Conventional Reading Room or physical library.

    e. Defendants admit that, as of the date of the filing of the complaint, OIG had not provided Plaintiff with "access instructions" to a Conventional Reading Room or physical library.

    f. This subpart contains a legal conclusion to which no response is required.

60. Defendants deny the first and second sentences of this paragraph. The third sentence is a legal conclusion to which no response is required.

61. This paragraph contains legal conclusions to which no response is required.

62. Defendants admit the allegations in this paragraph.

63. This paragraph is a characterization of Plaintiff's claim to which no response is required. To the extent a response is required, Defendants aver that they have a document entitled "Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters" dated 2013 but no documents specifically entitled "Senior Executive Service Policy Implementation Guide" or "Inspection Division Policy Implementation Guide."

64. Defendants deny the allegations in this paragraph.

65. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. The phrase "guidelines, standards, rules, policies, and procedures that may have governed and/or applied to, among other things, Ms. Will's alleged administrative inquiry of Mr. McCabe" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63. The allegation that Mr. McCabe's dismissal was unlawful is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation.

67. The first sentence of this paragraph is a characterization of Plaintiff's claim to which no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to their response to paragraph 63. In response to the second and third sentences, Defendants deny the allegations, except to admit that the FBI Inspection Division is responsible for reviewing FBI field offices and program divisions to ensure compliance with applicable laws and regulations and that it investigated Mr. McCabe as detailed in "A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe" released by the U.S. Department of Justice Office of the Inspector General in February 2018, available at https://oig.justice.gov/reports/2018/o20180413.pdf.

68. The allegations in this paragraph are legal conclusions to which no response is required. Defendants further respectfully refer the Court to their response to paragraph 63.

69. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the phrase "[a]t all material times to this Action" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on

that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63.

70. Defendants admit the first sentence of this paragraph. In response to the second sentence, Defendants deny the allegations and respectfully refer the Court to their response to paragraph 63, except to admit that the FBI has not made the document entitled "Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters" publicly available in its electronic FOIA library.

71. In response to the first sentence of this paragraph, Defendants aver that the phrase "all material times to this Action" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63. Defendants deny the allegations in the second and third sentences of this paragraph and respectfully refer the Court to their response to paragraph 63. Defendants further aver that the FBI has not updated the document entitled "Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters" since 2013 and that that document is not posted on the FBI Internal Policy Office intranet site where all current official FBI policies are located. Defendants deny the allegations in the last sentence of this paragraph and respectfully refer the Court to their response to paragraph 63, except to aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of whether FBI employees have reviewed or relied on the document entitled "Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters" in connection with their employment and, on that basis, denies the allegation.

72. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the phrases "certain of the

provisions contained in the FBI Materials," "misconduct," "certain provisions contained in the FBI Materials," "violations of applicable rules of professional responsibility," and "violations of applicable regulations" are vague and ambiguous, and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63.

73. The term "misconduct" in this paragraph is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63.

74. This paragraph contains allegations unrelated to a short and plain statement of the Court's jurisdiction or Plaintiff's entitlement to relief in this FOIA case, thus, no response is required. In addition, the term "similar materials" in this paragraph is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63.

75. In response to the first sentence of this paragraph, Defendants deny the allegations and respectfully refer the Court to their response to paragraph 63, except to admit that the FBI has not made the document entitled "Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters" available for public inspection without request. The allegations in the second sentence of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. Defendants admit that Plaintiff emailed Ms. Will on May 3, 2018, and admit that Plaintiff's email requested the records listed in subparagraphs (a)–(f) of this paragraph, but deny that Plaintiff's email requested documents entitled "Policy Implementation Guide for Adjudication of Delegated Disciplinary Matters," "Senior Executive Service Policy Implementation Guide," or "Inspection Division Policy Implementation Guide." Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.

78. Defendants admit that Plaintiff emailed Ms. Will on May 3, 2018, and respectfully refer the Court to the email for a full and accurate statement of its contents.

79. Defendants admit the allegations in this paragraph and respectfully refer the Court to the email for a full and accurate statement of its contents.

80. Defendants admit the allegations in this paragraph.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

82. In response to the first sentence of this paragraph, Defendants aver that the phrase "[a]t all material times to this Action" is vague and ambiguous and Defendants thus lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny the allegations. In response to the remaining sentences of this paragraph, Defendants admit the allegations, except to aver that they lack knowledge or information sufficient to form a belief as to the truth of the date of Mr. McCabe's "planned retirement" and, on that basis, deny the allegation related to that phrase.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

84. Defendants deny this allegation: Counsel for the Department of Justice responded on behalf of the other Department officials.

85. Defendants admit that counsel for the Department of Justice communicated with Plaintiff regarding his document demands and respectfully refer the Court to the email exchange for a full and accurate statement of its contents.

86. Defendants deny the allegations in the first two sentences of this paragraph. The allegations in the third sentence are legal conclusions to which no response is required.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations. Defendants further respectfully refer the Court to their response to paragraph 63.

88. The allegations in this paragraph are legal conclusions to which no response is required. Defendants further respectfully refer the Court to their response to paragraph 63.

89. Defendants incorporate by reference their responses to paragraphs 1–88.

90. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and further respectfully refer the Court to their response to paragraph 63.

91. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

92. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

93. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first and third sentences of this paragraph. Defendants admit the second sentence.

94. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

95. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

96. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

97. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

98. Defendants incorporate by reference their responses to paragraphs 1–97.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny the allegations.

100. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

101. Defendants deny the allegations in this paragraph, except to admit that Ms. Will emailed Plaintiff on May 4, 2018, and stated that she was unable to provide the documents that Plaintiff had requested in his May 3, 2018 email to Ms. Will.

102. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

103. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

104. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

105. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

106. Defendants incorporate by reference their responses to paragraphs 1–105.

107. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

108. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

109. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

110. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

112. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

113. Defendants incorporate by reference their responses to paragraphs 1–112.

114. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

115. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

117. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

118. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

The final paragraphs of the complaint under "Requested Relief" constitute a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendants deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

## **Affirmative Defenses**

1. Plaintiff failed to exhaust his administrative remedies.
2. Plaintiff cannot challenge Defendants' actions under the Administrative Procedure Act because he has another adequate remedy in court.

Date: July 26, 2018                                   Respectfully submitted,

                                                                                     CHAD A. READLER
                                                                                      Acting Assistant Attorney General

                                                                                      MARCIA BERMAN
                                                                                      Assistant Branch Director

                                                                                       */s/*_____
                                                                                       JUSTIN M. SANDBERG (Ill. Bar. No. 6278377)
                                                                                       Senior Trial Counsel
                                                                                      GARRETT COYLE
                                                                                      Trial Attorney
                                                                                      U.S. Department of Justice
                                                                                      Civil Division, Federal Programs Branch
                                                                                      20 Massachusetts Avenue N.W.
                                                                                      Washington, D.C. 20530
                                                                                      Tel.:   (202) 514-5838
                                                                                      Fax:   (202) 616-8202
                                                                                      Email: justin.sandberg@usdoj.gov

                                                                                      *Counsel for Defendants*