**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID L. SNYDER, in his capacity as counsel for Andrew G. McCabe, )<br>)<br>)<br>Plaintiff,      )<br>v.                         )<br>)<br>U.S. DEPARTMENT OF JUSTICE, et al., )<br>)<br>Defendants.    )<br>_____ ) | No. 1:18-cv-1389-CKK |

**JOINT STATUS REPORT**

On July 26, 2018, the Court instructed the parties to file a Joint Status Report for this case, in which Plaintiff asserts claims against the U.S. Department of Justice ("DOJ"), the DOJ's Office of the Inspector General ("OIG") and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Administrative Procedure Act, 5 U.S.C. § 706. *See* Order, ECF Dckt. No. 13. The parties have conferred several times since, and have submitted three Joint Status Reports, *see* ECF Dckt. Nos. 14, 15, 16.

By Minute Order entered September 4, 2018, the Court summarized the status of Plaintiff's requests for materials from the OIG and the FBI. It then stated as follows:

> Defendants request to move for summary judgment as to the FOIA claims against the FBI on October 5, 2018. The Court will not permit Defendants to file a motion for summary judgment absent a further showing that it is not feasible to simultaneously continue with FOIA claims against the OIG and the FBI. The Court is disinclined to permit a "bifurcation" of Plaintiff's FOIA claims against the OIG and against the FBI. Such bifurcation is not in the interest of the Court's efficiency as it may eventually result in two rounds of summary judgment briefing.

The Court ordered the parties to submit a further Joint Status Report "updating the Court on the status of Defendants' processing of Plaintiff's FOIA request" by no later than October 5, 2018.

1

**Plaintiff's Statement**

Since April 2018—just weeks after Defendants unlawfully dismissed Andrew G. McCabe from the FBI—Plaintiff has worked in good faith to cause Defendants to comply with their proactive disclosure obligations under FOIA, *see* 5 U.S.C. § 552(a)(2).

Plaintiff sought only those administrative staff manuals and written policies which, as a matter of law, should have been applicable to the investigation, adjudication, and dismissal of Mr. McCabe. In violation of federal law, Defendants failed to make those materials available for public inspection in an electronic format without request.

The materials at issue include documents that the FBI provides to every employee and the employee's attorney at the outset of the disciplinary process ("notice materials"). The notice materials explain in detail the mechanics of the FBI's disciplinary process and the numerous rights and protections to which each employee is entitled in connection therewith. An employee's receipt of the notice materials is thus foundational to his or her receipt of due process. Defendants never provided Mr. McCabe with the notice materials (or with any of the materials at issue in this Action). Nor have Defendants provided Plaintiff with those materials despite his repeated requests.

Plaintiff agreed to Defendants' proposed schedule for the production of certain OIG administrative staff manuals, even though under Defendants' proposed schedule, production will not be complete before May 31, 2019. This apparently means that OIG will review and process an average of just 3.3 pages per day. Defendants, however, have refused to produce the FBI materials under any schedule, including the basic FBI notice materials they provide to all employees at the start of the disciplinary process but never provided to Mr. McCabe.

\*      \*      \*

Defendants claim that the Court's Minute Order entered September 4, 2018 allows them to withhold production of any documents through the conclusion of the OIG production process in the summer of 2019, at which point they may then move for summary judgment with respect to the withheld materials. Defendants believe that they may further delay production until at least the end of 2019, because "the Court already rejected" "piecemeal briefing," and "Plaintiff offers no valid reason to reconsider that decision," *see infra* at 5-6.

Plaintiff respectfully disagrees with Defendants' reading of the Court's September 4, 2018 Minute Order. Plaintiff does not see that the Court "already rejected" or otherwise rendered a "decision" as to whether Plaintiff may obtain relief on his claims against the FBI prior to the end of 2019. Instead, the Court merely stated that it "will not permit Defendants to file a motion for summary judgment *absent a further showing* that it is not feasible to simultaneously continue with FOIA claims against the OIG and the FBI." *See supra* at 1 (emphasis added).

Defendants appear to claim that Plaintiff has not properly requested the FBI materials. Defendants are wrong as a matter of law. There is thus no basis for the delay Defendants seek. The issues raised by Defendants' continued failure to provide Plaintiff with the FBI materials are distinct from any issues relating to the OIG materials. Defendants' position would transform Plaintiff's good faith willingness to compromise on a production schedule with respect to OIG into authorization for unjustifiable delay in its production of the FBI materials and the briefing of the legal issues in dispute.

More fundamentally, had either the OIG or the FBI complied with the reading room provisions of FOIA—*i.e.*, by making the materials at issue here available for public inspection in an electronic format without request—Plaintiff would not have been forced to sue each of them.

The Justice Department should neither seek nor be permitted to benefit from the "fortuity" that more than one of its components have simultaneously and repeatedly violated the reading room provisions of FOIA.

Indeed, Defendants have already derived numerous benefits from their violations of the law. By improperly procuring the unavailability of the materials at issue in this Action, Defendants have impeded Plaintiff from prosecuting a substantive action on his client's behalf. Moreover, Defendants have, on several occasions, suggested that Plaintiff might obtain the materials via discovery in connection with that substantive action. Defendants presumably extend this invitation secure in the belief that their longstanding contravention of FOIA's reading room provisions has "deprived Plaintiff of the opportunity he should have had to protect and to advance the legal rights and interests" of his client, *see* Compl. ¶ 12.

Defendants' position is all the more remarkable given the public representations of Attorney General Jeff Sessions and Inspector General Michael Horowitz. As stated in the Complaint in this Action, Messrs. Sessions and Horowitz have told the American people that the proceedings which led to Mr. McCabe's unlawful firing accorded with applicable DOJ policies and procedures. Mr. McCabe was entitled to know what those policies and procedures were before Defendants fired him. There is no basis at law or in good conscience for Defendants to continue to deprive Mr. McCabe, and the public, of such knowledge until the end of 2019.

Plaintiff respectfully requests that the Court either hold a status conference to address the outstanding issues with respect to the FBI, or allow Plaintiff to move for summary judgment as to his entitlement to those materials.[1]

---

[1] Defendants accuse Plaintiff of "complain[ing] about OIG's processing rate," *see infra* at 6 n.3. Defendants misunderstand. Plaintiff merely seeks to point out the lengths to which he has gone to work in good faith with Defendants despite the fact that doing so has resulted in unjust

**Defendants' Statement**

In a September 4, 2018 Minute Order, the Court instructed the parties "to submit a further Joint Status Report, updating the Court on the status of Defendants' processing of Plaintiff's FOIA request, by no later than OCTOBER 5, 2018."  In accord with the parties' agreement adopted in Court's Minute Order, *see also* ECF No. 16, at 2, OIG processed 100 pages prior to September 30, 2018.  More specifically, OIG produced 100 pages of responsive, non-exempt documents subject to the FOIA, with appropriate redactions, on Thursday, September 27, 2018.  With respect to the FBI, as noted in the prior joint status report, ECF No. 16 at 1, the FBI does not consider Plaintiff to have filed a proper FOIA request, and thus it has processed and produced no documents since the last status report.

Plaintiff does not dispute the factual assertions made in the preceding paragraph.  Rather, in his statement, Plaintiff argues about matters irrelevant to this report or seeks to litigate issues already agreed upon by the parties or decided by this Court.  Plaintiff asks the Court to "order the immediate release of the FBI materials (including the FBI's notice materials)."  But, of course, that is an argument about the merits of plaintiff's FOIA request appropriate for a summary judgment brief, and it has no place in a status report.[2]  In the alternative, Plaintiff asks the Court

---

delay. Plaintiff recognizes that he agreed to OIG's processing rate of an average of 3.3 pages per day. That he did so knowingly and intentionally does not deprive him of the right to expose the infirmities of Defendants' rationale for yet further delay.

Defendants also note that they "produced 100 pages of responsive, non-exempt documents . . . with appropriate redactions, on Thursday, September 27, 2018," *see infra* at 4-5. For the record, Plaintiff notes that, with the exception of roughly eight (8) pages, the remainder appear to consist solely of tables of contents.

[2]     Similarly, whether the materials that the OIG is processing constitute "administrative staff manuals" within the meaning of the FOIA is a legal question at issue in this litigation. Answer ¶ 34.

to permit piecemeal briefing on his claims against the FBI and OIG.  But the Court already rejected that proposal – for efficiency's sake – in its Sept. 4, 2018 Minute Order.[3]  And Plaintiff offers no valid reason to reconsider that decision.  Plaintiff ultimately objects to a consolidated briefing schedule because of his views of the merits of Mr. McCabe's dismissal from the FBI.  But this FOIA case is not the place to resolve any complaint Mr. McCabe may have about his firing, especially as Mr. McCabe is not a party to this suit.  Thus, there is no need for piecemeal briefing of the claims against the OIG and FBI.  And there is similarly no need for a status conference, as the parties have well apprised the Court of the issues in this case.

---

[3]  In the course of trying to convince the Court to reverse field, Plaintiff complains about OIG's processing rate.  But plaintiff *agreed* to that rate, ECF No. 16 at 1, and it was adopted by the Court in its Minute Order.   Plaintiff also remarks that "with the exception of roughly eight (8) pages, the remainder [of the most recent production] appear to consist solely of tables of contents."  *See* Fn. 1.  But those pages are as much a part of the documents that he has requested as any other, and they may enable him to narrow his request and therefore receive the records he is most interested in faster.

Date: October 5, 2018                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*s/ Justin M. Sandberg*
JUSTIN M. SANDBERG (Ill. Bar. No. 6278377)
Senior Trial Counsel
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C. 20530
Tel.:   (202) 514-5838
Fax:    (202) 616-8202
Email: justin.sandberg@usdoj.gov

*Counsel for Defendants*


/s/
David L. Snyder (D.C. Bar No. 888303946)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: dsnyder@bsfllp.com

*Attorneys for Plaintiff in his capacity as counsel for Andrew G. McCabe*