IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID L. SNYDER<br>in his capacity as counsel for<br>Andrew G. McCabe<br><br>    Plaintiff,<br>          v.<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>          and<br><br>U.S. DEPARTMENT OF JUSTICE<br>OFFICE OF THE INSPECTOR GENERAL<br><br>          and<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Civil Action No. 1:18-cv-01389-CKK |

**UNOPPOSED MOTION FOR ORDER**

Plaintiff in this Action has asserted claims against the U.S. Department of Justice, the DOJ's Office of the Inspector General, and the Federal Bureau of Investigation under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. § 706.

In the parties' Joint Status Report submitted October 5, 2018, Plaintiff requested permission to move for summary judgment on his claims against the FBI. In support of that request, Plaintiff stated as follows:

1

>Since April 2018—just weeks after Defendants unlawfully dismissed Andrew G. McCabe from the FBI—Plaintiff has worked in good faith to cause Defendants to comply with their proactive disclosure obligations under FOIA, *see* 5 U.S.C. § 552(a)(2).
>
>Plaintiff sought only those administrative staff manuals and written policies which, as a matter of law, should have been applicable to the investigation, adjudication, and dismissal of Mr. McCabe. In violation of federal law, Defendants failed to make those materials available for public inspection in an electronic format without request.
>
>The materials at issue include documents that the FBI provides to every employee and the employee's attorney at the outset of the disciplinary process ("notice materials"). The notice materials explain in detail the mechanics of the FBI's disciplinary process and the numerous rights and protections to which each employee is entitled in connection therewith. An employee's receipt of the notice materials is thus foundational to his or her receipt of due process. Defendants never provided Mr. McCabe with the notice materials (or with any of the materials at issue in this Action). Nor have Defendants provided Plaintiff with those materials despite his repeated requests.

*See* ECF No. 17, at 2.

By minute order entered October 10, 2018, the Court ordered the parties to file cross-motions for summary judgment on Plaintiff's claims against the FBI by October 24, 2018; their oppositions by November 3, 2018; and their replies by November 10, 2018.

Notwithstanding the pendency of this Action, and without the cooperation or assistance of Defendants, counsel for Plaintiff have continued in their exhaustive efforts to obtain whatever information they can from publicly available sources. Plaintiff now believes that certain of those efforts and the results therefrom may obviate the need for him to move for summary judgment as against the FBI.

In the interests of efficiency, Plaintiff thus respectfully requests that the Court (1) continue the current briefing schedule set forth in the Court's minute order of October 10, 2018, and (2) order the parties to file a joint status report by November 29, 2018 stating whether cross-motions for summary judgment relating to Plaintiff's claims against the FBI remain necessary.

On October 18, 2018, Plaintiff asked that Defendants meet and confer in respect of this Motion. Defendants agreed to hold a teleconference the next day, October 19, 2018. That same day, Plaintiff emailed Defendants a draft of this Motion, and advised Defendants that, given the timing, Plaintiff would file the Motion on Monday, October 22, 2018 if Defendants failed to respond to Plaintiff's email. Having received no response from Defendants, Plaintiff has no reason to believe they oppose this Motion.

Dated: October 22, 2018

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By:  /s/

David L. Snyder (D.C. Bar No. 888303946)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, D.C. 20005
Telephone:   (202) 237-2727
Facsimile:   (202) 237-6131
Email:  dsnyder@bsfllp.com

*Attorneys for Plaintiff in his capacity as counsel for Andrew G. McCabe*