# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID L. SNYDER, in his capacity    )
as counsel for Andrew G. McCabe,    )
    )
        Plaintiff,    )
    v.    )    No. 1:18-cv-1389-CKK
    )
U.S. DEPARTMENT OF JUSTICE, et al.,    )
    )
        Defendants.    )
_____ )

## JOINT STATUS REPORT

The Court ordered the parties "to file another Joint Status Report . . . updating the Court on the status of Plaintiff's FOIA requests to both the FBI and the OIG." Minute Order, November 30, 2018. The parties' positions are set out below.

### Defendants' Position

OIG continues to process plaintiff's FOIA request at the agreed-to rate of 100 pages per month, with productions occurring at the end of the month. OIG made its last production to plaintiff on December 21, 2018. OIG was unable to process documents during the lapse in appropriations to the Department of Justice. Accordingly, OIG will not produce documents this month. But absent circumstances beyond its control, OIG intends to process documents at the agreed-to rate and produce any non-privileged documents subject to the FOIA at the end of February 2019 and in succeeding months until it has completed processing all potentially responsive documents subject to the FOIA. As a result of the lapse in appropriations, OIG now anticipates completing its review of all documents a month later that it otherwise would have, i.e., probably June 28, 2019 instead of May 31, 2019.

1

The Court should reject plaintiff's novel view of the length of the lapse in appropriations and the effect it should have on this litigation.  The parties agreed to a production schedule under which productions would occur on or before the last day of every month.  See Minute Order, Sept. 4, 2018.  Defendants, aware of the looming lapse in appropriations, made the December production just before the shutdown on December 21.[1]  And for the next *35* days – until January 25, 2019 – defendants were legally prohibited from processing documents or otherwise working on this case.  Accordingly, under the terms of the production schedule and the motion for a stay granted by this Court, which sought an extension of deadlines "commensurate with the duration of the lapse in appropriations," the deadline for the next production should be March 6, 2019 (i.e., 35 days after January 31, 2019).  Defendants, however, are willing to produce documents before then – on February 28.

As defendants have previously stated, plaintiff has not filed a proper FOIA request with the FBI.  Thus, the FBI is not processing any documents in response to any request by plaintiff.

Finally, defendants request that the Court instruct the parties to file each future joint status report by 5 p.m. on the day on which it is due.

**<u>Plaintiff's Position</u>**

Plaintiff does not object to the narrowly-tailored extension of Defendants' production deadlines contemplated by the Court's Minute Order of January 2, 2019. But Defendants now appear to suggest that they are or may be entitled to additional relief beyond the scope of the Court's January 2 Minute Order. Plaintiff disagrees.

---

[1] Had they not done so, under the terms of the Court's stay order and the processing schedule under which productions occur on a monthly basis, OIG would have been able to make what would have been the December production in early February and what would have been the January production in early March. Instead, because of OIG's efforts, plaintiff received the December production in December and will receive what would have been the January production by the end of February, instead of receiving it in March.  OIG should not be punished for that.

\*       \*       \*

On September 4, 2018, Defendants informed the Court that they had "agreed" with Plaintiff "on a schedule for processing" the relevant OIG materials. *See* ECF No. 16 at 2. In particular, Defendants stated as follows:

> OIG will process 100 pages-per-month, with productions of non-exempt documents or portions of documents subject to the FOIA occurring on the last work day of every month (i.e., September 28, 2018; October 31, 2018, etc.), until the processing of the remaining 850 or so pages is complete (around May 31, 2019).

*Id.* OIG made its final production of 2018 to Plaintiff on or around December 21, 2018. Under the governing schedule, OIG was required to make another production to Plaintiff by no later than January 31, 2019.

As of midnight on Saturday, December 22, 2018, "Large parts of the federal government [were] shut down . . . after President Trump torpedoed a bipartisan spending deal because it lacked the money he demanded for a wall along the U.S.-Mexico border."[2] In response, Defendants filed a Motion for a Stay of Proceedings In Light of Lapse of Appropriations on Wednesday, December 26, 2018. *See* ECF No. 21. Defendants asked the Court for "a stay of proceedings until Congress has restored appropriations to the Department," and further requested that "all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations." *Id.* at 2. The Court granted Defendants' motion by Minute Order entered January 2, 2019 on the grounds that, "Absent an appropriation, Department of Justice lawyers and officials, including those responsible for processing the documents potentially

---

[2] Erica Werner, *et al*, *Major parts of the federal government begin shutting down for an indefinite closure*, WASH. POST (Dec. 22, 2018), https://www.washingtonpost.com/politics/trump-leans-on-mcconnell-to-pass-spending-bill-with-border-funding-in-senate/2018/12/21/31bb453a-0517-11e9-b5df-5d3874f1ac36_story.html?noredirect=on&utm_term=.0d3b85d9ebb8.

responsive to Plaintiff's FOIA request, are prohibited from working except in limited circumstances."

The partial shutdown ended on Friday, January 25, 2019 when Mr. Trump signed a funding bill to reopen the government. For the month of January 2019, the federal government was partially closed for a total of 17 business days (excluding federal holidays). In light of the foregoing, Plaintiff does not object to an extension of current deadlines "commensurate"[3] with the 17 business days OIG suggests it was unable to work during the month of January 2019.[4]

OIG is required to produce to Plaintiff merely 100 pages of its governing *Manual* each month. OIG should have little difficulty doing so by Friday, February 15, 2019. To the extent OIG says otherwise, it should be required to support its contention with sworn testimony or other competent evidence. Further, Plaintiff respectfully requests that the Court order OIG to produce 100 pages to Plaintiff by the 15th day of each and every month after February 2019 until OIG has produced to Plaintiff all materials to which he is entitled.

\*     \*     \*

In accordance with the Court's Minute Order entered November 30, 2018, Plaintiff will move for summary judgment on his claims against the FBI "in conjunction with any summary judgment briefing on Plaintiff's claims against the OIG." For the sake of good order, Plaintiff

---

[3] *See* ECF No. 21 at 1.

[4] Defendants' portrayal of the facts is both disingenuous and self-defeating, *see* Defendants' Position at 2 & n.1, *supra*. As noted, OIG is required to produce 100 pages of the *Inspector General Manual* to Plaintiff each month. For the month of December 2018, OIG purports to have made the required production on Friday, December 21, 2018—*i.e.*, within 15 business days of the beginning of the month. OIG fails to offer any credible explanation—much less any competent evidence—as to why it cannot produce another 100 pages by mid-February 2019. Even assuming the shutdown precluded OIG from working between Saturday, December 22, 2018 through Monday, December 31, 2018, OIG fails to explain how or why this adversely impacted OIG's ability to comply with its obligations in January 2019 and beyond.

notes that Defendants' repeated assertions relating to the propriety of Plaintiff's FOIA request to the FBI are legally and factually baseless.

Date: January 30, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

   *s/ Justin M. Sandberg*
JUSTIN M. SANDBERG (Ill. Bar. No. 6278377)
Senior Trial Counsel
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C. 20530
Tel.:   (202) 514-5838
Fax:   (202) 616-8202
Email: justin.sandberg@usdoj.gov

*Counsel for Defendants*

   /s/
David L. Snyder (D.C. Bar No. 888303946)
WILLIAMS SNYDER LLP
1401 New York Ave. N.W., 10th floor
Washington, D.C. 20005
Telephone:   (202) 274-1169
Facsimile:   (202) 237-6131
Email:       dsnyder@wsllp.us

*Attorneys for Plaintiff*