# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **David L. Snyder**, in his capacity as counsel for Andrew G. McCabe,<br><br>                                             Plaintiff,<br><br>v.<br><br>**U.S. Department of Justice**, et al.,<br><br>                                             Defendants. | No. 18-cv-1389 CKK<br><br>Hon. Colleen Kollar-Kotelly<br>United States District Judge |

## JOINT STATUS REPORT

In this Freedom of Information Act (FOIA) case, the Court ordered the parties to file a joint status report on the status of plaintiff David L. Snyder's FOIA request by May 14, 2019. *See* Minute Order, March 15, 2019. In accordance with that order, the parties report as follows:

1._____Defendant U.S. Department of Justice Office of the Inspector General (OIG) has completed its initial processing of Plaintiff's FOIA request.  Since March 1, 2019, it has processed 124 pages of records, including re-processing 3 pages that have previously been released (to determine if previously withheld material may be released).  With the exception of pages that have been marked for referral or consultation, OIG has produced all responsive, non-exempt records subject to the FOIA.

2._____With respect to the pages marked for referral, the entity receiving the referral is responsible for providing Plaintiff with any responsive, non-exempt records subject to the FOIA. *See* 28 C.F.R. § 16.4(d)(2).

Defendants' Position

3._____In the course of preparing this joint status report, OIG determined that it had inadvertently neglected to send out the nine pages of documents marked for consultation and the

28 pages of documents marked for referral, as it had previously intended to do. OIG has now sent out these documents. Many assertions made in Plaintiff's section are incorrect, and Defendants would be happy to address them more fulsomely if the Court desires. Regardless, Defendants will attempt to work cooperatively with Plaintiff to resolve issues outside of court.

Plaintiff's Position

4. Defendants have made several productions to Plaintiff since he initiated this action nearly one year ago. In connection with certain of those productions, Defendants represented and suggested that they had complied with, and were continuing to comply with, applicable law, regulations, and policies in respect of referrals and consultations (among other things).

5. On the morning of Monday, May 13, 2019, Plaintiff asked Defendants when he could expect determinations on, and the production of, any materials which OIG previously claimed were subject to referral and/or consultation. By email sent at 3:56 pm Eastern Time on May 14, 2019, Defendants represented to Plaintiff as follows:

> In the course of reviewing its files for purpose of completing the JSR, OIG realized that it had inadvertently neglected to send out the documents for consultation and referral. The documents marked for consultation were sent out yesterday, and the documents marked for referral went out today. We'll update you when we know more about the expected timeline (which will not be today).

6. Defendants did not offer any explanation as to how OIG could have "inadvertently neglected" to comply with the consultation and referral requirements despite OIG's repeated representations and suggestions to the contrary in correspondence to Plaintiff. Nor did Defendants explain why OIG's claimed "inadvertent[ ] neglect[ ]" should be credited in light of the fact that OIG's non-compliance with applicable law, regulations, and policies occurred on more than one occasion throughout the pendency of this action. It is telling that each instance of OIG's supposed "inadvertent[ ] neglect[ ]" operated to the advantage of Defendants and to the detriment of Plaintiff.

7. Following his receipt of Defendants' May 14 email, Plaintiff asked Defendants, among other things, to clarify the facts and circumstances relating to OIG's claimed "inadvertent[ ] neglect[ ]," and to explain how OIG proposes to remedy its failure to timely and sufficiently comply with its above-described obligations. Because these issues remain unresolved as of the time of this filing, Plaintiff is currently unable to, and thus does not, accept as true or in any way adopt Defendants' representations contained herein.

8. Plaintiff will endeavor to work with Defendants to resolve these, and other, outstanding issues. In accordance with the Court's Minute Order entered November 30, 2018, Plaintiff will thereafter move for summary judgment on his claims against the FBI, if at all, "in conjunction with any summary judgment briefing on Plaintiff's claims against the OIG."

<u>Parties' Joint Position</u>

9. The parties propose that that they file another joint status report on or before July 16, 2019.

Dated: May 14, 2019                                   Respectfully submitted,


    *s/*
David L. Snyder (D.C. Bar No. 888303946)    JOSEPH H. HUNT
WILLIAMS SNYDER LLP    Assistant Attorney General
1401 New York Ave. N.W., 10th floor
Washington, D.C. 20005    MARCIA BERMAN
Telephone:    (202) 274-1169    Assistant Branch Director
Facsimile:    (202) 237-6131
Email:    dsnyder@wsllp.us      *s/ Justin M. Sandberg*
    JUSTIN M. SANDBERG (Ill. Bar No. 6278377)

*Attorneys for Plaintiff*

Senior Trial Counsel
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*